UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEE,

    Plaintiff,

v.                                                          Case No. 16-14162

FREEMAN, HOFBAURER, NOBLE,               HON. AVERN COHN
KING and AMALFITANO,

    Defendants.
_____/

**MEMORANDUM AND ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 31)
AND
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF
EXHAUSTION (Doc. 15)
AND
DIRECTING THE APPOINTMENT OF COUNSEL**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Gregory Lee, proceeding pro se, filed a complaint against five employees of the Michigan Department of Corrections claiming violations of his First and Eighth Amendment rights. The matter has been referred to a magistrate judge for pretrial proceedings. Defendants filed a motion for summary judgment, arguing in part that plaintiff failed to exhaust his administrative remedies. The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be denied on the issue of exhaustion. The Court declined to rule on the remaining issues until the exhaustion issue is decided at a bench trial. The magistrate judge also recommends that counsel be appointed for plaintiff if the MJRR is adopted.

Defendants have not objected to the MJRR and the time for filing objections has

passed. Plaintiff filed a document styled "Request to Proceed" in which he appears to agree with the magistrate judge that defendant's motion should be denied on the issue of exhaustion. See Doc. 32. Thus, there are no substantive objections to the MJRR.

II.

The failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985). However, the Court has reviewed the MJRR and agrees with the magistrate judge's analysis and conclusion, i.e. there is a factual dispute on whether defendants prevented plaintiff from exhausting his administrative remedies so as to excuse a failure to exhaust.

III.

Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment on the issue of exhaustion is DENIED. Before the Court, or the magistrate judge on consent of the parties, conducts a bench trial on the exhaustion issue, plaintiff should have counsel. See Bennett v. Smith, 110 F. App'x 633, 635 (6th Cir. 2004) (counsel may be appointed in a civil case in exceptional circumstances). Accordingly, counsel shall be appointed for plaintiff. Upon the appointment of counsel, the Court will schedule a status conference.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2017

Detroit, Michigan