UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEE,

      Plaintiff,

v.                                                                                                  Case No. 16-14162

FREEMAN, HOFBAURER, NOBLE,                                              HON. AVERN COHN
KING and AMALFITAND,

      Defendants.
_____/

**MEMORANDUM AND ORDER**
**DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION AND FAILURE TO STATE A CLAIM (Doc. 45)**
**AND**
**DIRECTING PARTIES TO DETERMINE WITHIN 10 DAYS WHETHER TO CONSENT TO A BENCH TRIAL BEFORE THE MAGISTRATE JUDGE ON THE ISSUE OF EXHAUSTION**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Gregory Lee, proceeding pro se, filed a complaint against five employees of the Michigan Department of Corrections claiming violations of his First and Eighth Amendment rights. Briefly, plaintiff was charged in 2016 with assaulting a prison employee. While being transported to court on the charge, plaintiff told defendant Hofbauer the charge he was facing. Hofbauer and Freeman allegedly threatened him and handcuffed him so tightly he eventually needed medical attention. When plaintiff attempted to file grievances against them, Noble refused to give him the paperwork and took away his recreation time for five days. Plaintiff attempted to grieve Noble's actions, and Noble and King retaliated by planting a knife in his cell. Noble, King and Amalfintand found the knife and plaintiff was punished for having it. Plaintiff also tried to grieve this conduct, but was eventually threatened with death by

defendants if he continued to file grievances. It is undisputed plaintiff did not follow the three step grievance process.

Defendants filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies and defendants were entitled to qualified immunity. (Doc. 15). The magistrate judge, to whom the case was referred, issued a report and recommendation (MJRR), recommending that the motion be denied on the issue of exhaustion and the matter set for a bench trial. The magistrate judge declined to rule on the qualified immunity issue until the exhaustion issue was decided. The magistrate judge also recommended that counsel be appointed for plaintiff if the MJRR is adopted. See Doc. 31. Neither party objected to the MJRR. Accordingly, the Court adopted the MJRR, denied defendants' motion for summary judgment on the issue of exhaustion, and directed counsel be appointed for plaintiff. (Doc. 33). Counsel was subsequently appointed. (Doc. 36).

Before the Court is defendants' second motion for summary judgment, again arguing that there is no genuine issue of material fact as to whether plaintiff exhausted his administrative remedies and asserting a new argument - that plaintiff cannot make out a prima facie case of retaliation against Freeman and Hofbauer. (Doc. 45). For the reasons that follow, the motion is DENIED.

II.

As plaintiff points out, defendants' exhaustion argument is a repetition of the argument rejected by the magistrate judge. The magistrate judge specifically found, to which defendants did not object, that "there is a question of fact regarding whether plaintiff was thwarted ... from exhausting his administrative remedies based on the alleged threats

2

to his personal safety." Doc. 31, MJRR at p. 16.  Nothing in the record has changed. Thus, defendants' motion for summary judgment on this ground is again denied.

Defendants offer a second, new argument that plaintiff cannot make out a retaliation claim against Freeman and Hofbauer because plaintiff did not engage in protected conduct.  These defendants say that they had a right to use handcuffs on him because plaintiff was charged with assaulting a prison employee.  This argument misses the mark.  The fact that plaintiff was charged with assaulting a prison employee does not insulate Freeman or Hoftbauer from plaintiff's claims of excessive force or retaliation. Defendants' motion is denied on this ground.

III.

There is one other matter.  The magistrate judge correctly recommended that the issue of whether plaintiff met the exhaustion requirement by establishing he was prevented by defendants from exhausting must be determined at a bench trial.  Given that the matter was referred to the magistrate judge for pretrial proceedings, and the issue of exhaustion is a pretrial matter, it is appropriate, and preferable, for the magistrate judge to conduct the bench trial.  This requires the parties' consent.  <u>See</u> 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Accordingly, the parties shall advise the Court within ten (10) days as to whether they consent to a bench trial before the magistrate judge.

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/2/2018

Detroit, Michigan

3