UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEE,

    Plaintiff,

v.    Case No. 16-14162

FREEMAN, HOFBAURER, NOBLE,    HON. AVERN COHN
KING and AMALFITAND,

    Defendants.
_____/

# MEMORANDUM AND ORDER
## ADOPTING REPORT AND RECOMMENDATION FOLLOWING BENCH TRIAL ON EXHAUSTION OF ADMINISTRATIVE REMEDIES (Doc. 76) AND DISMISSING CASE

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Gregory Lee, proceeding pro se, filed a complaint against five employees of the Michigan Department of Corrections claiming violations of his First and Eighth Amendment rights. It is undisputed that plaintiff did not exhaust his administrative remedies. As will be explained, the matter was referred to the magistrate judge for a bench trial on the issue of whether plaintiff was prevented from completing the exhaustion process which would excuse plaintiff from the exhaustion requirement. The magistrate judge issued a report and recommendation (MJRR), recommending that plaintiff's claims be dismissed for failure to exhaust because the record does not support a finding that plaintiff was prevented from exhausting his administrative remedies. (Doc. 76). For the reasons that follow, the MJRR will be adopted and the case will be dismissed.

II.

Plaintiff was charged in 2016 with assaulting a prison employee. While being transported to court on the charge, plaintiff told defendant Hofbauer the charge he was facing. Hofbauer and Freeman allegedly threatened him and handcuffed him so tightly he eventually needed medical attention. When plaintiff attempted to file grievances against them, Noble refused to give him the paperwork and took away his recreation time for five days. Plaintiff attempted to grieve Noble's actions, and Noble and King retaliated by planting a knife in his cell. Noble, King and Amalfintano found the knife and plaintiff was punished for having it. Plaintiff sued, alleging First Amendment retaliation claims and Eighth Amendment excessive force claims.

B.

Defendants filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies and defendants were entitled to qualified immunity. (Doc. 15). The magistrate judge, to whom the case was referred, issued a report and recommendation (MJRR), recommending that the motion be denied on the issue of exhaustion and the matter set for a bench trial. The magistrate judge declined to rule on the qualified immunity issue until the exhaustion issue was decided. The magistrate judge also recommended that counsel be appointed for plaintiff if the MJRR is adopted. See Doc. 31. Neither party objected to the MJRR. Accordingly, the Court adopted the MJRR, denied defendants' motion for summary judgment on the issue of exhaustion, and directed counsel be appointed for plaintiff. (Doc. 33). Counsel was subsequently appointed. (Doc. 36).

Defendants then filed a second motion for summary judgment, again arguing that there is no genuine issue of material fact as to whether plaintiff exhausted his administrative remedies and asserting a new argument - that plaintiff cannot make out a prima facie case of retaliation against Freeman and Hofbauer. (Doc. 45). The Court denied the motion. (Doc. 51).

C.

The Court then referred the matter to the magistrate judge for a bench trial on exhaustion. (Doc. 53). The magistrate judge permitted discovery and subsequently held a bench trial. The parties then submitted proposed findings of fact and conclusions of law. See Docs. 74, 75.

After a thorough review of the record, including evaluating testimony and documents, the magistrate judge recommends that the complaint be dismissed for failure to exhaust because plaintiff failed to show that he was prevented from pursuing his administrative remedies. (Doc. 76).

III.

Neither party has filed objections to the MJRR and the time for filing objections has passed. The failure to file objections to the report and recommendation waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court has reviewed the MJRR and agrees with the magistrate judge's recommendations.

Accordingly, the findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court. This case is DISMISSED for failure to exhaust administrative remedies.

SO ORDERED.

                                              <u>S/Avern Cohn</u>
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: 8/29/2019

Detroit, Michigan